IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CR-8-WKW |
| | ) | [WO] |
| ALEX HUNTLEY | ) | |

# **ORDER**

Defendant has filed a motion for compassionate release in which he seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. # 54.)

Under § 3582(c)(1)(A)(i), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may move for such a reduction only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A) (alterations added). Courts are not at liberty to excuse a statutory exhaustion requirement. *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016). This statute's exhaustion requirement is no exception. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (holding that § 3582(c)(1)(A)'s exhaustion requirement is mandatory); *United States*

*v. Springer*, No. 20-5000, 2020 WL 3989451, at *3 (10th Cir. 2020) (concluding that the federal prisoner "was required to request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies."); *United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020) (same). Furthermore, the defendant must exhaust or wait thirty days *before* he or she files a motion for compassionate release. *Alam*, 960 F.3d at 836 (dismissing a § 3582(c)(1)(A)(i) motion without prejudice because movant's thirty-day window did not close until after the motion was filed).

Because § 3582(c)(1)(A)'s exhaustion requirement is mandatory, Defendant must submit proof that he has submitted an administrative petition requesting that the BOP file a motion for compassionate release on his behalf pursuant to § 3582(c)(1)(A)(i). He also should provide evidence of the date he filed the petition, and he should inform the court whether he has received a response to the request and, if possible, submit evidence of the response or lack thereof.

To the extent Defendant contends he is exempt from the mandatory exhaustion requirement because his facility does not have a warden to whom he can address a request for compassionate release, his arguments fails. *See Franco*, 2020 WL 5249369, at *2 (holding that federal prisoners must file requests for compassionate release with the warden of their facility or, in the absence of a warden, with the chief executive officer of their facility); *see also* 28 C.F.R. § 500.1(a) (defining "Warden" to include "the chief executive officer of . . . any federal penal or correctional

institution or facility."). Additionally, Defendant's cursory motion does not set forth "extraordinary and compelling reasons" warranting release. § 3582(c)(1)(A)(i).

Accordingly, it is ORDERED that Defendant's motion (Doc. # 54) is DENIED without prejudice with leave to refile, if necessary, after he has exhausted his administrative rights.

DONE this 23rd day of September, 2020.

                                            /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE